Diana LENA, Petitioner,

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

No. 05–1907–ag.

United States Court of Appeals, Second Circuit.

March 14, 2007.

James D. Christo, New York, New York, for Petitioner.

Dunn Lampton, United States Attorney for the Southern District of Mississippi, Angela D. Givens, Assistant United States Attorney, Jackson, Mississippi, for Respondent

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Hon. PETER W. HALL, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Diana Lena, a native and citizen of Albania, seeks review of an April 1, 2005 order of the BIA denying petitioner's motion o reopen her removal proceedings. *In re Diana Lena,* No. A 79–669–230 (B.I.A. Apr. 1, 2005). We assume the par-

ties' familiarity with the underlying facts and procedural history of the case.

■ This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* at 233–34. Initially, there is no dispute that Lena's motion to reopen was filed beyond the ninety-day deadline. *See* 8 C.F.R. § 1003.2(c)(3). As such, to prevail on her late-filed motion, Lena was required to demonstrate changed conditions in Albania giving rise to a fear of future persecution or torture. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Accordingly, the BIA properly declined to address the evidence she submitted to corroborate her past persecution claim, as it was immaterial.

■ Furthermore, the BIA did not abuse its discretion in finding that Lena failed to demonstrate *prima facie* eligibility for relief. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). The IJ found that Lena was firmly resettled in Greece prior to her arrival in the United States, which, unlike the one-year bar, may not be exempted for changed country conditions. *See* 8 U.S.C. § 1158(b)(2)(A)(vi); 8 C.F.R. § 1208.13(c)(2)(B). Lena neither challenged the IJ's firm resettlement finding in her appeal to the BIA nor petitioned for review of the BIA's summary affirmance. Therefore, we will not review her collateral challenge to the IJ's firm resettlement finding. *See Paul v. Gonzales,* 444 F.3d 148, 153 (2d Cir.2006). As Lena remains ineligible for asylum, the BIA did not

**20**

abuse its discretion in concluding that Lena failed to demonstrate *prima facie* eligibility for asylum. *See* 8 U.S.C. § 1158(b)(2)(A)(vi).

■ As to withholding of removal, contrary to her argument, Lena was not entitled to a presumption that she would more likely than not be persecuted on account of her anti-Communist opinion. The IJ previously found that this presumption was rebutted by the fall of the Communist regime in Albania. Furthermore, the IJ found Lena did not suffer past persecution on account of her anti-Socialist opinion. She cannot challenge these findings now. *See Paul,* 444 F.3d at 153.

■ In reviewing the evidence Lena presented to the BIA, we cannot find that the BIA abused its discretion in concluding that there was no reasonable likelihood that Lena could prove her statutory eligibility for withholding or relief under the Convention Against Torture ("CAT"). *See Matter of S–V–,* 22 I. & N. Dec. 1306, 1308 (BIA 2000). The evidence presented was either previously available or not relevant to the issue.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.